UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN EVERETT LITTLEPAGE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-02945 |
| GENERAL CREDIT SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, JOHN EVERETT LITTLEPAGE ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of GENERAL CREDIT SERVICES, INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 55 year old natural person residing at 1310 Secretariat Dr., Lebanon, Indiana, which lies within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Plaintiff is a "debtor" as defined by 11 U.S.C §101(13) of the Bankruptcy Code.

7. Defendant is "established in the financial world as a collection agency of medical collection and write-off loss and sundry accounts."[1] With a principal office located at 1040 S. Rangeline Rd., Carmel, Indiana, Defendant in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

8. Defendant is licensed to conduct business with the Indiana Secretary of State under Business ID 198611-677 and collects consumer debts in Indiana.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector.[2]

### FACTS SUPPORTING CAUSES OF ACTION

11. Plaintiff suffers from a multitude of health issues that prevent him from working. He is currently in the process of applying for disability income from the Social Security Administration. *See* attached Exhibit A is a true and correct copy of an Affidavit signed by Plaintiff.

12. Angela Richards- Walker ("Angela") has Power of Attorney over Plaintiff and presides over his medical and financial affairs. See attached Exhibit B is a true and correct copy of an Affidavit signed by Angela.

---

[1] https:// http://www.generalcredit.net/About_Us.htm
[2] http:// http://www.generalcredit.net/index.htm

13. Due to his lack of income, Plaintiff has fallen behind on many financial obligations, including his electric provider, Boone County REMC ("subject consumer debt"). *See* Exhibit A.

14. Upon information and belief, Boone County REMC turned the subject consumer debt over to Defendant for collections.

15. On or around October 18, 2016, Plaintiff received a call to his cell phone (765) 891-2473 from Defendant. Defendant's representative identified himself as Bob. Bob told Plaintiff that he was calling to collect on the subject consumer debt in the amount of $553.61. *Id.*

16. Bob told Plaintiff that if he did not pay the account balance, he would take him to court. *Id.*

17. At no time during the October 18, 2016 call with Plaintiff did Bob disclose himself as a debt collector attempting to collect on a debt. *Id.*

18. Confused by the call from Defendant, Plaintiff alerted Angela. *Id*.

19. Later on October 18, 2016, Angela called Defendant at the number Bob called Plaintiff from (317) 844-5103, in order to see what the debt was for. She asked for and was connected with Bob. *See* Exhibit B.

20. Bob told Angela that Plaintiff owed $553.61, but if it was paid by a certain date it could be settled at a 20% discount, but if it wasn't paid by then, they would take Plaintiff to court. *Id.*

21. At no time during Angela's October 18, 2016 call with Defendant did Bob disclose himself as a debt collector attempting to collect on a debt. *Id.*

22. In order to gain further clarification, Angela called Defendant again on October 19, 2016. Again, she asked for and was connected to Bob. *Id.*

23.  Bob explained that the balance on the account was $553.61, but if it was paid by October 25, 2016, they could take 20% off of the balance and settle the account for $450.  Bob also said that if it was not paid by October 25, he would report it to his attorney.  *Id.*

24.  At no time during Angela's October 19, 2016 call with Defendant did Bob disclose himself as a debt collector attempting to collect on a debt.  *Id.*

25.  Upon information and belief, Defendant routinely provides consumers with settlement offers which balances that do not mirror the percentage given

26.  Upon information and belief, Defendant routinely fails to disclose itself as a debt collector attempting to collect a debt in its communications with consumers.

27.  Feeling threatened and misled by the communications with Defendant, Plaintiff consulted with CLP regarding his rights.

28.  Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendants' collection actions.

29.   Plaintiff has suffered economic harm as a result of Defendants' collection actions.

30.   Plaintiff has been inconvenienced and harassed by Defendants' collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.   Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32.  The FDCPA states that:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is in violation of this section: e(2)(A) The false representation of the character, amount, or legal status of any debt;… e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;…e(11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral

4

> communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §§1692e, e(2)(A), e(10), and e(11).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

33. Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), and f during the October 18, 2016 and October 19, 2016 phone calls with Angela. During the calls with Bob, Angela was told that the balance of the subject consumer debt was $553.61 and was offered a settlement discount of 20% at $450.00 if paid by October 25, 2016. Simple math shows that 20% off $553.61 equates to $442.89. This variance was not disclosed to Plaintiff and is material when taking into account Plaintiff's complete lack of income.

34. Defendant was not under any obligation to present Plaintiff with a settlement offer. However, because it did so, the FDCPA imposes a duty to make the statements surrounding the settlement offer true and accurate. Defendant's representation that Plaintiff was receiving a 20% discount if he paid $450.00 was false and misleading. If Defendant wanted to offer a 20% settlement discount in order to compel Plaintiff to pay the subject consumer debt, it could have just as easily stated that Plaintiff needed to pay $442.89. Similarly, if Defendant's settlement offer was capped at $18.8%, it could have presented the same without attaching an inaccurate percentage. By calling Defendant back, Angela displayed her confusion and concern over the information she had received.

35. As an experienced and sophisticated debt collector, Defendant is under an affirmative duty not to engage in false or misleading communications with consumers. Defendant breached this duty by presenting Plaintiff with conflicting information regarding settlement of the subject

consumer debt.  Had Plaintiff acquiesced to Defendant's representations and paid 80% of the subject consumer debt (20% discount), he would have paid $7.11 more than required to under the terms of the settlement offered.

36.  Defendant violated 15 U.S.C. §§1692e, e(11), and f during the October 18, 2016 and October 19, 2016 calls with Plaintiff and Angela.  During all three of these calls, Defendant did not advise Plaintiff that it was acting as a debt collector.  Because the communications were not formal pleadings made in connection with a legal action, Defendant was mandated by the FDCPA to give the above disclosure.

37.  As an experienced and sophisticated debt collector, Defendant knows that it is required to make this disclosure. Plaintiff asserts that Defendant routinely ignores this disclosures during its telephonic debt collection communications.

38.  Given that Defendant failed to advise that it was a debt collector on three separate occasions, Plaintiff alleges that it is a systemic practice.  As a result, Defendant's communications with Plaintiff were misleading and gained an unfair advantage over him as consumers are more likely to pay an original party of interest as opposed to a third-party.

39.  As plead in paragraphs 27 through 30, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JOHN EVERETT LITTLEPAGE, respectfully requests that this Honorable Court enter judgment against GENERAL CREDIT SERVICES, INC. in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 30, 2016                    Respectfully Submitted,

                                             <u>s/ Daniel M. Spector</u>
                                             Daniel M. Spector, Esq. #6301224
                                             David S. Klain, Esq. #66305
                                             Counsel for Plaintiff
                                             Admitted in the Southern District of Indiana
                                             Consumer Law Partners, LLC
                                             435 N. Michigan Ave., Suite 1609
                                             Chicago, Illinois 60611
                                             (267) 422-1000 (phone)
                                             (267) 422-2000 (fax)
                                             Daniel.s@consumerlawpartners.com
                                             davidklain@aol.com